*Judge Ducklort*

STATE OF VERMONT
WINDSOR COUNTY, SS.

GORDON PARKER              :        WINDSOR COUNTY SUPERIOR COURT
                          :
v.                        :        DOCKET NO. 568-12-03 Wrcv
                          :
STEVEN GOLD, Commissioner, :
Vermont Department of Corrections :

**DECISION RE: MERITS OF PETITION FOR HABEAS CORPUS**

Petitioner Gordon Parker filed this case on December 8, 2003. He is a prisoner under the custody and control of the Department of Corrections (DOC). He claims that he has nearly completed his sentence, and that he is entitled to release on December 10, 2003.

On May 20, 2003, Mr. Parker pled nolo contendere to a charge of a prohibited act under 13 V.S.A. § 2632(a)(7). The district court sentenced him to serve 9 months to 12 months, all suspended except 82 days. He was then given credit for time served and placed on probation. More recently, on November 18, 2003, the district court revoked his probation and required that he serve the previously suspended sentence as follows: "ALL TIME TO BE SERVED, NONE SUSPENDED." At that time, the court credited Mr. Parker with 221 days for time served.

Mr. Parker claims that he is close to completing his one-year sentence, based on 221 days of time served, plus 60 days of automatic reduction in term (ART) under 28 V.S.A. § 811(a), plus 56 days of earned reduction in time (ERT) under 28 V.S.A. § 811(b), for a total of 337 days as of November 18, 2003. However, Mr. Parker's calculation is incorrect for two reasons:

First, Mr. Parker's minimum term is 9 months, given the revocation of his probation. Under the current version of the statute, there is no reduction in the minimum term for good behavior under either § 811(a) or § 811(b). Although Mr. Parker does receive "good time" reductions in his maximum term, under § 811(g) his maximum term cannot be reduced to less than 9 months.

Mr. Parker contends that, under 13 V.S.A. § 7031(a), his minimum term is 82 days, which was the unsuspended portion of his original sentence. However, upon revocation of his probation, his minimum term is now 9 months, and his original unsuspended term of 82 days does not affect the calculation of good time credit. Mr. Parker has not yet served the minimum term of 9 months.

Second, the court questions Mr. Parker's claim that he is entitled to 60 days of ART under § 811(a). He claims that the ART "is awarded at the time of sentencing." Accordingly, he believes that his sentence was reduced by 60 days (5 days per month for 12 months) at the outset. However, the court is aware from other cases that DOC awards monthly ART at the end of each month. An inmate does not receive prospective credit for the time to be served at the end of the sentence,

1


DEC 10 2003
Windsor County Clerk

because DOC does not presume that the inmate will be committed to the institution at that time. DOC's approach is supported Judge Pearson's decision in <u>Cadorette v. Gorczyk</u>, No. 184-7-01 Oscv, 6 Vt.Tr.Ct.Rep. 250 (February 19, 2002), and by the Supreme Court's affirming decision in <u>Cadorette v. Gorczyk</u>, Sup. Ct. No. 2002-115 (Unpublished Entry Order dated August 22, 2002). Those decisions do not establish binding precedent, but they are well-reasoned and persuasive. This court disagrees with Mr. Parker that he was entitled to 337 days credit as of November 18, 2003, or that completion of his maximum term is imminent.

For both of the above reasons, Mr. Parker has failed to make out a claim that he is entitled to immediate release. His petition for habeas corpus relief is DISMISSED for failure to state a claim upon which relief can be granted.

Dated at Woodstock, Vermont, this **9th** day of December, 2003.

_____
Hon. Mary/Miles Teachout,
Presiding Superior Court Judge

2